JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,**<br>Plaintiff,<br>v.<br>**MORGAN STANLEY, *et al*.,**<br>Defendants. | Case No. CV 08-01469 MRP (FMOx)<br>**ORDER GRANTING Defendants' Motion to Transfer and DECLINING TO ADDRESS Plaintiff's Motion to Remand** |

## I.

## PROCEDURAL HISTORY

Public Employees' Retirement System of Mississippi ("Plaintiff") sues Defendants regarding mortgage-backed securities. Plaintiff filed in California state court, asserting only violations of the federal Securities Act of 1933 ("the '33 Act"). Defendants removed to federal court.

Plaintiffs move to remand under *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), which holds that the '33 Act's removal bar, 15 U.S.C. § 77v(a), is not superseded by the Class Action Fairness Act ("CAFA")'s removal provisions. 28 U.S.C. § 1453. Defendants question *Luther*'s continued validity, pointing to post-*Luther* authority on whether cases

asserting only ’33 Act claims are removable under CAFA. Most notably, the Seventh Circuit recently rejected *Luther* in an opinion by Judge Easterbrook. *Katz v. Gerardi*, 552 F.3d 558 (7th Cir. 2009).

As an independent alternative basis for jurisdiction and removal, Defendants argue that the bankruptcy law’s “related-to” provisions allows jurisdiction and removal due to Defendants’ potential indemnity claims against a mortgage originator currently in bankruptcy. 28 U.S.C. §§ 1334, 1452(a).

In a motion filed simultaneously with Plaintiff’s motion to remand, Defendants move to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a).

## II.
## DISCUSSION

This case presents difficult questions of statutory interpretation on both of Defendants’ bases for removal. For example, the Seventh Circuit in *Katz* recently addressed arguments that the *Luther* Court did not expressly consider. The Seventh Circuit then rejected *Luther*’s holding without dissent. 552 F.3d at 562 (noting that the *Katz* panel “circulated [the opinion] before release to all judges in active service [and n]one of the judges favored a hearing en banc”).

As for the bankruptcy removal provision, pre-*Luther* authority in this District supports Defendants’ arguments. *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610 (C.D. Cal. 2003). However, the question may be closer after *Luther*’s strong language regarding the ’33 Act’s removal bar. 533 F.3d at 1034.

This Court need not address these difficult questions. Defendants submitted a meritorious motion to transfer to the Southern District of New York. This Court need not address the propriety of removal before ruling on the motion to transfer. *Gould v. Nat’l Life Ins. Co.*, 990 F. Supp. 1354, 1362 (M.D. Ala. 1998) (“[T]here is no federal law or statute, or judicial decision, that requires [a] court to decide a

motion to remand before it decides a motion to transfer.”).

This ’33 Act case arises under federal law and jurisdiction is therefore proper. However, even if removal were clearly improper under *Luther* and this Court should therefore decline to exercise its original jurisdiction under *Luther*,[1] there exists potential independent related-to bankruptcy jurisdiction and removal.

Whether related-to jurisdiction and removal are appropriate also raises difficult questions that this Court need not address. A decision to transfer for inconvenient forum is not a decision on the merits and therefore does not require a finding of jurisdiction. *Sinochem Int’l Co. v. Malay Int’s Shipping Corp.*, 549 U.S. 422 (2007). Section 1404(a) codifies inconvenient forum doctrine. Transfer under § 1404(a) is simply “a determination that the merits should be adjudicated elsewhere” and does not invoke “substantive law-declaring power.” *In re LimitNone, LLC*, 551 F.3d 572, 576-77 (7th Cir. 2008) (quoting *Sinochem*, 549 U.S. at 432 and applying *Sinochem* to § 1404(a)). Therefore, jurisdiction and removal under the related-to provisions need not be addressed before transfer.

Given Defendants’ sound arguments for transfer, this Court concludes that it should not address the motion to remand before transfer. Defendants’ submissions on their transfer motion demonstrate that the operative facts bear only a tenuous relationship to California and that Plaintiff will not be materially inconvenienced by transfer to New York. In fact, Plaintiff recently filed in the Southern District of New York a complaint “that is virtually identical to the Complaint in this action—even though the three mortgage trusts in that case have comparable or higher percentages of California mortgages.” Defendants’ Reply in Supp. of Mtn. to Transfer at 1.

The only plausible reason that Plaintiffs sued in California state court is that

[1] The Court expresses no opinion on whether removal under CAFA was improper. Defendants appear to have nonfrivolous arguments for a change in the law due to post-*Luther* developments.

courts in the Southern District of New York take a different view of '33 Act removal than do courts in the Ninth Circuit. *New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust*, 581 F. Supp. 2d 581 (S.D.N.Y. 2008) (rejecting *Luther*). But "no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (internal citation and quotation omitted). This is because "[a]lthough federal courts sometimes arrive at different constructions of federal law, federal law . . . is supposed to be unitary." *Id.*

This Mississippi Plaintiff could properly have sued in New York rather than California. It is not in the interests of justice to subject Defendants to further litigation activity, such as a hearing on the motion to remand, in California. The Southern District of New York is the appropriate forum to consider the issues raised in Plaintiffs' motion to remand, as well as any subsequent determinations required in this case.

## III.
## CONCLUSION

This Court declines to address Plaintiff's motion to remand. That motion shall be transferred with this case and may be decided by the transferee Court.

Defendants' motion to transfer to the Southern District of New York is GRANTED.

IT IS SO ORDERED.

DATED: March 5, 2009

Mariana R. Pfaelzer

Hon. Mariana R. Pfaelzer
United States District Judge